IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| NORCREST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-6025-CV-SJ-HFS |
| ) | |
| COLLATERAL MORTGAGE CAPITAL ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Genworth (referred to as GE in my earlier memorandum, Doc. 43) has received early repayment of its real estate loan to Norcrest, including a prepayment fee of some $94,000, roughly 10% of the loan proceeds. Norcrest acknowledges that the fee claimed was properly calculated but seeks, in Counts III and IV of the amended petition, recovery of some $84,000, which it argues was an unlawful penalty under Missouri law. Genworth moves for summary judgment and also seeks judgment on its counterclaim for attorneys fees, allegedly authorized by the loan papers. For reasons outlined below I grant summary judgment on nonliability for the alleged illegal "penalty" but deny the claim for fees.

The prepayment fee was based on contract language awarding Genworth lost interest for the entire anticipated period of the loan, discounted to current value. Amended Note, ¶ 4, Doc. 66-8. A Treasury rate was designated for use in calculating the discount, using a complex formula that Norcrest acknowledges was followed.

Norcrest contends it was assured by an employee of its real estate agent, Collateral, that no fee would be due if interest rates rose between the time the Amended Note was executed and the

time of prepayment, except for a 1% charge set forth as an alternate fee. That issue will be dealt with in a separate ruling. For present purposes, the legality of the charge made will be considered, because illegality under Missouri law is the claim asserted against Genworth.

Norcrest relies essentially on a ruling by Bankruptcy Judge See in <u>In re Kroh Bros. Development Co.</u>, 88 B.R. 997 (W.D. Mo. 1988), that (1) Missouri law would use penalty concepts derived from liquidated damages cases in testing the legality of a mortgage prepayment fee, and (2) the 25% charge in that case was unreasonable and invalid. Genworth relies essentially on an unpublished ruling by District Judge Vietor holding that (1) the Iowa courts would not likely apply penalty concepts in a mortgage prepayment case, and (2) the prepayment charge there, which Genworth claims is similar to the charge here, is reasonable. <u>Great Plains Real Estate Development, L.L.C. v. Union Central Life Ins. Co., et al.</u>, No. 4:05-CV-00220, slip op. (S.D. Iowa June 4, 2007). <u>Great Plains</u> was affirmed on August 7, 2008. <u>Great Plains Real Estate Development, L.L.C. v. Union Central Life Ins. Co., et al.</u>, __ F.3d __, 2008 WL 3077034 (8th Cir.).

The bankruptcy context, where there is a breach of payment obligations, is not identical to a situation where, as here, a prepayment occurs pursuant to contractual provisions. Judge Vietor offers reason and authority for not using liquidated damages concepts in such cases. Based on his decision and the current Eighth Circuit ruling, I conclude it is unlikely that the Missouri court would create a penalty test of the sort used in <u>Kroh Bros.</u> Neither the case law nor the Restatement of Mortgages supports the contention here, although I acknowledge the analogy is somewhat plausible.

On the issue of reasonableness Judge Vietor ruled, in the alternative, that the prepayment provisions, though favorable to the lender, were not unreasonable under liquidated damages standards. The fee here is quite unlike that considered in <u>Kroh Bros.</u>, where there was no

2

discounting of lost interest to current value, and the percentage of the fee charged is about 10% instead of 25%.

Norcrest's best argument, if we were using liquidated damages concepts, may be that a prepayment fee is chargeable, under the contract, without any showing of actual loss, and that it might be possible, if interest rates were rising dramatically, that the lender would enjoy a profit as a result of prepayment of a loan. I am not persuaded by this contention. One can take judicial notice that prepayment of a loan causes some expense and lapse of income until reinvestment occurs. The purpose of a liquidated damage provision is to settle what would otherwise be unpredictable at the time of the loan and what occurred here was neither forseeably harsh and unsound nor harsh and unsound based on the calculation that was actually made.

In any event Genworth is not subject to penalty analysis for reasons used by Judge Vietor and the Circuit in Great Plains.

Genworth is entitled to summary judgment of nonliability, and the challenge to the legality of the prepayment fee must be ruled to be without merit, particularly in light of the Eighth Circuit decision in Great Plains.

Genworth seeks attorneys fees in its counterclaim, based on contract language. All the pertinent language in the Note relates to collection cases, as is typical in notes and mortgages, and does not authorize assessment of fees here. Since Norcrest paid the required amount voluntarily, intending to prepay the loan, there is no contractual duty under the Note for it to pay attorneys fees simply because it has chosen to litigate a claim against Genworth.

Genworth comes much closer to making a sound claim for fees based on the language regarding fees in paragraph 3, page 4, of the Loan Modification Agreement. Doc. 66-7. That

3

provision requires borrowers to pay the lender's "resulting costs" (including attorneys fees) when the lender "seeks the advice of counsel or any suit . . . is brought to enforce or interpret the terms" of the Modification Agreement or the loan documents, which include the note. While I am dubious of Norcrest's argument that litigation for interpretation of the note would not be covered, the essence of this litigation relates to the validity rather than interpretation of the note. There is no contract language covering the type of litigation filed by Norcrest.

While this may be considered a close call, I am mindful of the strong policy of the Missouri cases disfavoring parties who have authored written agreements when there is ambiguity, as in the fee provision of the Modification Agreement. Recognizing the general rule against fee shifting, one may suppose the Missouri courts might also be somewhat influenced by policy considerations protecting a party seeking to test legality of a contract provision. I do not suppose the Missouri courts would impose fees in favor of the mortgage lender here.

Summary judgment will be granted to Genworth on Counts III and IV and in favor of Norcrest on the counterclaim. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September   11  , 2008

Kansas City, Missouri